Filed 7/27/15  P. v. Winrow CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051245 |
| v. | (Super. Ct. Nos. 13WF0170 & 13HF2107) |
| AARON DEMONE WINROW, | |
| Defendant and Appellant. | O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Amy Parekh, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court found Aaron Demone Winrow violated the terms and conditions of his probation. The court lifted the stay on execution of a previously imposed five-year prison sentence. Winrow appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts and procedural history of the case, and cited possible legal arguments, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable matters. Counsel submitted a declaration stating she thoroughly reviewed the record. Counsel advised Winrow she would file a *Wende* brief, and provided him with a copy. She advised Winrow he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration, and stated she was making a copy of the record available to him. Counsel did not argue against her client or declare the appeal was frivolous. She advised Winrow he could ask the court to relieve her as counsel. We gave Winrow 30 days to file a supplemental brief, but he has not responded. We have reviewed the record, found no arguable issues, and therefore affirm the order.

FACTS AND PROCEDURAL HISTORY

The Orange County District Attorney filed a criminal complaint (case No. 13WF0170) in January 2013, later amended in March 2013, alleging Winrow committed first degree robbery (Pen. Code, §§ 211, 212.5) on January 20, 2012, and extortion by force or threat (Pen. Code, §§ 518, 520) on November 23, 2012. It also alleged he possessed methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and hydrocodone (Health & Saf. Code, § 11350), received stolen property (Pen. Code, § 496, subd. (a)), and possessed a fictitious instrument (Pen. Code, § 476) on January 11, 2013.~(ct2)~ The complaint further alleged Winrow had previously served a prison term (Pen. Code, § 667.5, subd. (b)) after suffering a conviction for forgery (Pen. Code, § 470) in March 2008.

A second complaint (case No. 13HF2107) filed in July 2013, alleged Winrow committed unlawful vehicle taking (Veh. Code, § 10851, subd. (a)), second degree burglary (Pen. Code, §§ 459, 460, subd. (b)), forgery (Pen. Code, § 470, subd. (d)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possession of a fictitious instrument (§ 476), and false representation to a police officer (Pen. Code, § 149.9, subd. (b)) on June 28, 2013. It also alleged he committed the vehicle taking offense while on bail for other offenses (Pen. Code, § 12022.1, subd. (b)), and alleged he previously served a prison term (Pen. Code, § 667.5, subd. (b)) after suffering a conviction for forgery (Pen. Code, § 470) in March 2008.

In December 2013, Winrow waived his constitutional rights and pleaded guilty to all the offenses, and admitted the enhancements in both cases. The court imposed and suspended execution of a five-year prison sentence comprised of the four-year midterm for first degree robbery, plus one year for the prior conviction enhancement in case 13WF0170. The court imposed concurrent terms, or stayed (Pen. Code, § 654) or struck terms for the other offenses, and enhancements in both cases.

In May 2014, the Orange County Probation Department filed a petition alleging Winrow violated the terms of his probation. The petition alleged Costa Mesa police arrested Winrow on May 23, 2014, for possessing a controlled substance (Pen. Code, § 11377, subd. (a)), falsely identifying himself to a police officer (Pen. Code, § 148.9, subd. (a)), violating a domestic violence restraining order (Pen. Code, § 273.6, subd. (a)), and false impersonation (Pen. Code, § 529, subd. (a)). It also alleged he associated with another probationer, failed to report to his probation officer, and failed to enroll in the Delancey Street drug program.

The court conducted a hearing on the violation petition on December 29, 2014. The prosecutor elected to proceed solely on a "violate no law" condition of Winrow's probation. Costa Mesa Police Officer Jose Torres testified that on May 23, 2014, he encountered Winrow in the driver's seat of a legally parked BMW sports car

3

with a female passenger. Another officer, in a separate police vehicle, was already on the scene talking to the passenger. Torres gestured for Winrow to roll down the window, and the officer smelled a strong odor of marijuana coming from the car. Winrow admitted they had been smoking marijuana, but did not reply when asked if there was additional marijuana in the vehicle. Torres asked Winrow to step out of the vehicle. He handcuffed Winrow for safety reasons because Winrow was much taller than the officer, and Torres conducted a patdown search. He felt a baggie in Winrow's left rear pants pocket. Winrow admitted it was additional marijuana.

The baggie found on Winrow contained a white crystalline substance, which Torres opined was a usable quantity of methamphetamine. A forensic scientist with the Orange County crime lab testified the baggie contained 175 milligrams of substance containing methamphetamine.

The court found Winrow violated his probation by possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)). At sentencing, Winrow told the court he had been "turned [] away" from Delancey Street "due to a medical condition" and he "fell back to [his] old habits." He asked for another chance to remedy his addiction. The court revoked probation based on Winrow's willful violation of probation and lifted the suspension of the sentences. The court awarded him custody and conduct credits totaling 531 days.

DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record and discern no arguable issue. This includes counsel's suggestion we consider whether Winrow's statements to Officer Torres violated *Miranda* v. *Arizona* (1966) 384 U.S. 436, whether the search violated Winrow's rights under the Fourth Amendment, and whether the court correctly admitted Officer Torres's testimony concerning the case number over foundational and hearsay objections, and whether the court correctly admitted the forensic scientist's testimony concerning his testing of the

4

methamphetamine.  Winrow has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved.  Consequently, we affirm the judgment. (*Wende, supra,* 25 Cal.3d at p. 443.)

DISPOSITION

The order is affirmed.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.